UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIDDELL WILSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:16-cv-00419-JAR |
| IAN WALLACE, *in his capacity as Warden of Southeast Correctional Center*, | ) ) ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Liddell Wilson's Amended Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254. (Doc. 19.) Respondent Warden Ian Wallace opposes relief (Doc. 24), and Petitioner filed a reply (Doc. 25).

### Background[1]

In 1987, Petitioner was sixteen years old. As a young boy lacking supervision, Petitioner began associating with drug dealers, gang members, and other criminals. He quickly started abusing drugs and alcohol himself.

One night, while high on PCP, Petitioner sneaked up behind a man walking down the street and put a shotgun to the back of his head. As Petitioner demanded the man's money, the gun discharged, and the man was killed instantly. Two months later, Petitioner was indicted on charges of first-degree murder, first-degree robbery, and two counts of armed criminal action.

---

[1] The parties agree on the factual and legal history of this case. The Court will cite specific sources as necessary.

1

In February 1988, a jury convicted Petitioner on all four counts. By statute, the only available sentence for first-degree murder was life in prison without the possibility of parole. In addition to the life sentence, the trial court, having heard the evidence, sentenced Petitioner to consecutive terms of twenty-five years in prison for the robbery conviction and twenty years in prison for each armed criminal action conviction, resulting in a total sentence of life plus sixty-five years. The court imposed the sentence without a separate penalty phase and neither the jury nor the court ever heard specific mitigating evidence. The Missouri Court of Appeals affirmed Petitioner's convictions and sentence, and his motions for rehearing and transfer to the Missouri Supreme Court were both denied.

In May 1997, Petitioner filed a § 2254 petition in this Court, raising four grounds for relief. *Wilson v. Bowersox*, No. 4:97-cv-00939-FRB (E.D. Mo. 2000). This Court denied all four grounds on their merits and did not issue a certificate of appealability. *Id.* For the next fifteen years, Petitioner served his sentence with no hope of ever leaving prison.

On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460, 465 (2012), holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" The Court explained that "children are constitutionally different from adults for purposes of sentencing," and that "a sentencer [must] follow a certain process—considering an offender's youth and attendant characteristics—before imposing" life without parole. *Id.* at 471, 483. The Court stopped short of deciding that juvenile life without parole was never permissible, but required sentencers "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 479-80. In the end, the Court opined that "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon." *Id.* at 479.

2

In the wake of *Miller*, Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Missouri, arguing that his sentence had been deemed unconstitutional and that he was entitled to resentencing on all four counts. (Doc. 19-3.) In addition, because the only available sentence for first-degree murder in 1988—life without parole—was now unconstitutional, Petitioner argued that his conviction must be reduced to second-degree murder, which was punishable by ten years to life in prison with parole. (*Id.*)

Because the retroactivity of *Miller* was not yet clear, the Missouri Supreme Court did not immediately rule on Petitioner's request or the growing number of requests from other Missouri prisoners in similar situations. Then, on January 25, 2016, the United States Supreme Court issued its opinion in *Montgomery v. Lousiana*, 136 S. Ct. 718, 732 (2016), holding that *Miller* applied retroactively to juvenile offenders who had previously been sentenced to life without parole. However, rather than granting Petitioner's and others' requests for writs of habeas corpus, the Missouri Supreme Court issued a uniform order in each case sustaining "in part" the petition and rendering the petitioner eligible for parole after serving twenty-five years ("the March 15 Order"). (Doc. 19-5). The uniform Order did not address Petitioner's other sentences. (*Id.*)

Following the March 15 Order, Petitioner filed this § 2254 petition. (Doc. 1.) Five days later, Petitioner moved the Missouri Supreme Court to rehear his petition so it could clarify what effect its March 15 Order had on his three consecutive sentences and to reconsider his request for resentencing. (Doc. 19-6.) Because Petitioner had already filed one federal habeas petition, this Court transferred his § 2254 petition to the Eighth Circuit Court of Appeals for consideration as a motion for authorization to file a second or successive habeas petition. (Doc. 10.)

While Petitioner's motion for rehearing was pending in the Missouri Supreme Court and his motion for authorization was pending in the Eighth Circuit, the Missouri General Assembly passed Senate Bill 590 ("SB 590"), codifying the March 15 Order's eligible-after-twenty-five-

3

years remedy. (Doc. 19-7.) On July 13, SB 590 was signed into law. Mo. Rev. Stat. § 558.047.1. Five days later, on July 18, 2016, Petitioner moved the Missouri Supreme Court for leave to supplement his motion for rehearing, arguing that SB 590 was insufficient to satisfy the holding of *Miller* because it does not provide for an individualized sentencing hearing. (Doc. 19-8.) The very next day, the Missouri Supreme Court vacated the March 15 Order, denied Petitioner's habeas petition outright, and overruled all pending motions in juvenile-life-without-parole cases as moot in light of SB 590 ("the July 19 Order"). (Doc. 19-4.)

On February 16, 2017, the Eighth Circuit authorized Petitioner's successive petition. (Docs. 15, 16.) This Court reopened the case on March 21, 2017, and directed Petitioner to file an amended petition. (Docs. 18, 19.) Thereafter, Respondent filed its opposition and Petitioner filed a reply in support. (Docs. 24, 25.) The petition is now ripe for ruling.

## Legal Standard

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)-(2).

A state court's decision is contrary to clearly established law if "it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that

4

are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).

A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court's factual findings are presumed to be correct, and a state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## Discussion

Petitioner advances one basic ground for habeas relief: *Miller* and *Montgomery* rendered his sentence unconstitutional and neither the March 15 Order nor SB 590 remedied that fact. (Doc. 1.) Specifically, Petitioner argues that *Miller* requires an individualized sentencing hearing and that blanket access to parole is insufficient because it does not affect his consecutive sixty-five-year term, which amounts to a de facto life sentence. (*Id.* at 15-29.)

Respondent argues that *Miller* stands for the proposition that condemning a juvenile to a life behind bars would be cruel and unusual without an opportunity for release and that SB 590 saves Petitioner from such a fate. (Doc. 24.) In fact, Respondent argues, this petition is moot because Petitioner has received and continues to receive parole hearings. (*Id.* at 3.) In addition, Respondent notes that *Montgomery* expressly contemplates parole eligibility as a sufficient method

5

of satisfying *Miller*. (*Id.* at 5-8.) Finally, Respondent asserts that Petitioner has not exhausted his arguments in state court. (*Id.* at 8-11.)

In his reply, Petitioner again argues that *Miller* requires an individualized hearing and that the *Montgomery* language cited by Respondent is merely dicta. (Doc. 25 at 4-7.) Petitioner asserts that he has raised all of his claims in the Missouri Supreme Court and that any additional attempts at relief in state court would be futile. (*Id.* at 1-4.)

### *Mootness*

Respondent first argues that Petitioner's claims are moot because he is receiving the relief he seeks: parole eligibility. (Doc. 24 at 3-4.) Petitioner responds that *Miller* entitles him to something more than parole eligibility: an individualized resentencing hearing where he can present mitigating evidence related to his youth and attendant characteristics. (Doc. 19 at 15-18.) Short of that, Petitioner argues, his sentence remains unconstitutional.

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008)). Because Petitioner is arguing that nothing short of a full resentencing hearing will satisfy *Miller*, the Court concludes that he seeks a remedy beyond mere parole eligibility. As such, the Court will not dismiss the petition as moot.

### *Exhaustion*

Respondent next argues that Petitioner has not fully exhausted his grounds for relief. (Doc. 24.) "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Missouri, a prisoner must ordinarily raise his grounds for post-conviction relief in a Rule 29.15 motion and appeal any denial to the Missouri

6

Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991); *see Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002) (eliminating the requirement to apply for transfer to the Missouri Supreme Court). Only then may he advance a given claim for habeas relief in federal court by way of a § 2254 petition.

Petitioner's initial state habeas corpus petition was filed before SB 590 and therefore could not have included any ground based on the statute's constitutionality. (Doc. 19-3.) That said, Petitioner raised his de-facto-life-sentence argument in his motion for rehearing before the Missouri Supreme Court. (Doc. 19-6.) After SB 590 became law, Petitioner filed a motion to supplement in which he argued that neither the March 15 Order nor SB 590 satisfy *Miller* in cases like his where a significant term-of-years remain. (Doc. 19-8.) As such, the substance of Petitioner's habeas claims were before the highest court in Missouri. Rather than addressing Petitioner's individualized claim as it related to his unique sentence, however, the Missouri Supreme Court issued the July 19 Order—a blanket order vacating its prior grant of relief and denying as moot all pending motions. (Doc. 19-4.)

"[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The Missouri Supreme Court was given that opportunity in Petitioner's case, but the state court chose not to address Petitioner's arguments on their merits. Accordingly, this Court's consideration of those same issues would not implicate the "'unseem[liness]' of a federal district court's overturning a state court [decision] without the state courts having had an opportunity to correct the constitutional violation in the first instance." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950), *overruled in part by Fay v. Noia*, 372 U.S. 391 (1963)). Accordingly, the Court believes Petitioner has satisfied the intent of the exhaustion doctrine.

In any event, the Court finds that ordering Petitioner to return to state court to procure a ruling on the merits of his claims—to the extent they are not already exhausted—would be futile. When "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). Because SB 590 incorporates wholesale the substance of the Missouri Supreme Court's March 15 Order, there is no reason to believe that the Missouri Supreme Court would rule differently on a substantively identical claim cloaked in state law. Accordingly, the Court will address Petitioner's claims on their merits.

### *Merits*

Petitioner's claim is fairly simple: he argues that the remedy provided by SB 590 fails to satisfy *Miller*'s requirement to hold a resentencing hearing. Respondent's response is also quite simple: the remedy provided by SB 590 is expressly contemplated in *Montgomery*.

The Court concludes that habeas relief is unwarranted. The *Montgomery* Court wrote:

> A State may remedy a *Miller* violation by extending parole eligibility to juvenile offenders. This would neither impose an onerous burden on the States nor disturb the finality of state convictions. And it would afford someone like Montgomery, who submits that he has evolved from a troubled, misguided youth to a model member of the prison community, the opportunity to demonstrate the truth of *Miller*'s central intuition—that children who commit even heinous crimes are capable of change.

136 S. Ct. at 724. This District has previously held that "[t]he Missouri Supreme Court's denial of Petitioner's state habeas petition based on SB 590 comported with *Montgomery*," citing the same endorsement of belated parole eligibility that Respondent relies on here. *See Saddler v. Pash*, No. 4:16-CV-00363-AGF, 2018 WL 999979, at *3 (E.D. Mo. Feb. 21, 2018).

Petitioner argues that this language was not necessary to the resolution of *Montgomery*, making it non-binding dicta. *Robinson v. Norris*, 60 F.3d 457, 460 (8th Cir. 1995) (citing BLACK'S LAW DICTIONARY 967 (5th ed. 1979)). It is true that dicta is not considered "clearly

8

established federal law" under § 2254(d)(1). *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). However, this Court concludes that SB 590's parole factors sufficiently incorporate the holding and rationale of *Miller* to make the Missouri Supreme Court's holding consistent with the binding precedent in both *Miller* and *Montgomery*. That his formal sentence remains unchanged is unavailing.

In addition to *Montgomery*'s endorsement of a blanket grant of parole eligibility, SB 590 also requires consideration by the parole board of many of the youth-related mitigating factors at the heart of the *Miller* decision, such as "[t]he defendant's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense" and "[t]he defendant's background, including his or her family, home, and community environment," Mo. Rev. Stat. § 565.033.2, as well as post-conviction conduct such as "the subsequent growth and increased maturity of the person since the offense or offenses occurred," and "efforts made toward rehabilitation." Mo. Rev. Stat. § 558.047. This only strengthens the reasonableness of the Missouri Supreme Court's holding that SB 590 satisfies *Miller*.

Petitioner also argues that parole is so rarely granted that SB 590's remedy is illusory. (Doc. 19 at 24.) Although *Miller* and *Montgomery* stand for the proposition that a juvenile offender should be afforded an opportunity for parole, there is no federal constitutionally protected liberty interest in parole itself. *Gale v. Moore*, 763 F.2d 341, 343. (8th Cir. 1985). Further, while Petitioner may be correct that a parole board "hearing" does not afford the same due process rights to argument and evidence that he would have at a true resentencing (*See* Doc. 19 at 25), settled caselaw makes clear that parole applicants are guaranteed the parole board's application of the specifically codified criteria, *United States v. Snooks*, 537 F. Supp. 703, 709 (W.D. Mo. 1982) (citing *Evans v. Dillahunty*, 662 F.2d 522, 526 (8th Cir. 1981)). Thus, so long as the parole board considers the statutory factors listed in SB 590, the process is constitutional.

9

Lastly, Petitioner argues that SB 590 fails to address the consecutive sentences he received on the three other counts. First, he argues that, even if he is eligible for parole, an additional sixty-five years in prison amounts to a de facto life without parole. (Doc. 19 at 19.) The Court finds the Eighth Circuit's recent decision in *Ali v. Roy*, No. 19-1239, 2020 WL 812916 (8th Cir. Feb. 19, 2020), instructive. At age sixteen, Ali was sentenced to three consecutive life sentences with parole eligibility after thirty years. *Id.* at *1. That meant, at minimum, Ali had to serve ninety years in prison. *Id.* Ali argued that ninety years in prison before becoming parole eligible was functionally equivalent to a sentence of life without parole. *Id.* Minnesota courts rejected his argument and the Eight Circuit affirmed, finding reasonable the Minnesota Supreme Court's holding that *Miller* and *Montgomery* are limited in application solely to actual sentences of life without parole. *Id.* at *3.

The Eighth Circuit also noted that "United States Supreme Court dicta—which has since been adopted in several jurisdictions—suggests the cumulative effect of multiple sentences is irrelevant to Eighth Amendment analyses." *Id.* at *3 (citing *State v. Ali*, 895 N.W.2d 237, 246 (Minn. 2017)). The Eighth Circuit also recognized, as Petitioner notes in this case, that some jurisdictions have applied *Miller* and *Montgomery* to petitioners who were not sentenced to life without parole, but it concluded that "*Miller* and *Montgomery* only explicitly applied to juveniles facing life-without-parole sentences" and that "reason does not mandate their application to [a petitioner's] multiple lesser sentences." *Id.*

In light of *Ali*, this Court concludes that Petitioner's de-facto-life-sentence argument must fail. Likewise, the Court concludes that Petitioner's argument that he is entitled to resentencing on the other three counts must fail; because *Miller* and *Montgomery* are limited to true life-without-parole sentences, they create no constitutional burden on other additional sentences. Put simply,

10

this Court will not extend *Miller* or *Montgomery* to consecutive terms of years when the Eighth Circuit recently declined to do so itself.

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Liddell Wilson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 19) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 19th day of March, 2020.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE